BENJAMIN B. WAGNER
United States Attorney
BRUCE A. EMARD
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2798
Facsimile:   (916) 554-2900

Attorneys for Defendant Secretary of
Housing and Urban Development

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA ELENA AZUELA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE; OLD REPUBLIC TITLE COMPANY; THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT; FIRST AMERICAN TITLE COMPANY, and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO. 2:15-cv-02677-GEB-AC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SECRETARY OF HOUSING AND URBAN DEVELOPMENT TO DISMISS**<br><br>Date:　February 8, 2016<br>Time:　9:00 a.m.<br>Ctrm:　10, 13th Floor<br>Judge: Hon. Garland E. Burrell, Jr.<br><br>[Fed. R. Civ. P. 12(b)(1)] |

　　　　The Secretary of Housing and Urban Development (the "Secretary") respectfully asks the Court to dismiss all of the claims of Plaintiff Laura Elena Azuela (the "Plaintiff") against the Secretary for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## I.　BACKGROUND

　　　　On November 20, 2015, Plaintiff filed a "Verified Complaint" (the "Complaint") in the Superior Court of the State of California for the County of San Joaquin (the "Superior Court") alleging that she is the owner of real property commonly known as and located at 232 Preakness Circle, Manteca, California 95336 (the "Property").  Complaint ¶¶ 9 and 18.  Plaintiff further alleges that on May 5, 2015, a deed of trust (the "Deed of Trust") was improperly recorded against title to

the Property after the Plaintiff acquired title to the Property.  Complaint ¶¶ 12, 13, and 14.  The Secretary is the named beneficiary under the Deed of Trust.  Pursuant to the recorded Deed of Trust, the United States has a lien on the Property.  The Complaint alleges the following three claims for relief against all defendants, including the Secretary:  (1) Quiet Title; (2) Slander of Title; and (3) Temporary, Preliminary, and Permanent Injunctive Relief.  Plaintiff seeks to recover general and punitive damages from all defendants including the Secretary.  On December 24, 2015, the Secretary filed with this Court a Notice of Removal of Civil Action thereby removing the Action from the Superior Court to this Court.  Docket No. 1.

## II.     LEGAL STANDARDS FOR A MOTION TO DISMISS

This Motion is brought pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statute." *Id*. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id*. (internal citations omitted). The United States is immune from suit unless it waives its sovereign immunity.  *See United States v. Sherwood*, 312 U.S. 584, 586 (1941).  The Court must dismiss an action if it determines that it lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1); *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

## III.    DISCUSSION

### A.     Quiet Title

The Court lacks subject matter jurisdiction over the first cause of action of the Complaint – a claim for quiet title.  The United States is the only proper defendant in a quiet title action affecting property on which the United States has a lien.  *See* 28 U.S.C. § 2410(a); *see also Schema v. USDA*, No. 2:14-cv-0630 MCE – DAD, 2015 WL 367655, at *3 (E.D. Cal. Jan. 27, 2015) ("[I]t is well established that the United States is the only proper defendant subject to a QTA claim."); *Moco Investments, Inc. v. United States*, 362 F. App'x. 305, 307  n. 2 (3rd Cir. 2010) ("the United States alone is the proper defendant in a suit under 28 U.S.C. § 2410.")

Here, the Plaintiff has improperly named the Secretary as a party defendant instead of the United States. For this reason, the Quiet Title claim against the Secretary must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**B.     Slander of Title**

The Court also lacks subject matter jurisdiction over the second cause of action of the Complaint – a claim for slander of title. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, is the exclusive remedy for tort claims against the federal government and it only allows claims against the United States. *See Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam); *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) (per curiam). A slander of title claim is a tort claim. *See Appel v. Burman*, 159 Cal.App.3d 1209, 1214 (Cal. Ct. App. 1984); *Restatement 2nd Torts*, § 623A, p. 334. Here, Plaintiff has improperly named the Secretary as a defendant, rather than the United States, in her slander of title claim. For this reason, the slander of title claim against the Secretary must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

As a separate basis for dismissal of the slander of title claim against the Secretary, Plaintiff has failed to allege that she exhausted her administrative remedies as required under the FTCA. The FTCA only allows an individual to bring an action against the United States if he or she has "first presented the claim to the appropriate Federal agency," and either the claim was "finally denied by the agency in writing and sent by certified or registered mail" or the agency failed "to make final disposition of [the] claim within six months" of the claim's filing date." 28 U.S.C. §§ 2401(b), 2675(a). The FTCA's administrative exhaustion requirement is jurisdictional and cannot be waived. *See Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). "[A]n FTCA action filed before exhaustion ha[s] been completed [cannot] proceed in district court even where the litigation ha[s] not substantially progressed." *Kwai Fun Wong v. Bebee*, 732 F.3d 1030, 1047; *aff'd*, 135 S. Ct. 1625 (2015).

Here, the Complaint fails to allege that Plaintiff has exhausted her administrative remedies against the Secretary as required under the FTCA. *See* 28 U.S.C. § 2675(a); *see also Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) ("plaintiffs have not alleged or provided evidence that they have exhausted their administrative remedies under the FTCA, so they cannot rely on that statute's waiver

of sovereign immunity for jurisdiction."). Accordingly, Plaintiff's slander of title cause of action against the Secretary must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

As a third and separate basis for dismissal with prejudice of the slander of title action against the Secretary, the United States has not waived its sovereign immunity with respect to slander of title claims. The FTCA waives the government's sovereign immunity from tort claims, but excepts from that waiver certain intentional torts. 28 U.S.C. § 2680(h) provides in relevant part,

"The provisions of this chapter and section 1346(b) of this title do not apply to-
. . .
(h) Any claim arising out of . . . slander, . . ."

In *Antelline v. United States of America*, No. 5:02-cv-3296-RS, 2004 WL 2042945, at *3 (N.D. Cal. Sept. 13, 2004) the district court correctly explained:

> The United States correctly argues that the Court lacks jurisdiction over plaintiffs' claim for negligence, based on slander of title, since Congress has not waived sovereign immunity for tort claims against the United States arising out of slander, misrepresentation or deceit. 28 U.S.C. § 2680(h). Plaintiffs' attempt to avoid the application of Section 2680(h) to their claim by arguing that it is a tort wholly distinct from the common law tort of slander ignores the federal and California state court decisions which have held that the tort of slander of title is a subset of the general tort of slander or defamation. *See e.g.,Art Metal–U.S.A., Inc. v. United States,* 753 F.2d 1151, 1155–1156 (D.C.Cir.1985); *United States v. Drinkwater,* 434 F.Supp. 457, 462 (E.D.Va.1977); *Howard v. Schaniel,* 113 Cal.App.3d 256 (1980); *Fearon v. Fodera,* 169 Cal. 370, 379–380 (1915). Accordingly, this claim must be dismissed with prejudice based on the doctrine of sovereign immunity. Id. at *3.

Based on the foregoing authorities, Plaintiff's slander of title cause of action against the Secretary must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity with respect to a slander of title claim.

### C. Temporary, Preliminary and Permanent Injunction

The third cause of action of the Complaint – a cause of action for a temporary, preliminary and permanent injunction – fails to state a claim upon which relief can be granted. The third cause of action is dependent on Plaintiff prevailing on her first cause of action to quiet title to the Property.

Since the quiet title claim must be dismissed for the reasons discussed above, likewise the third cause of action for injunctive relief must be dismissed.

### IV.   CONCLUSION

For the reasons stated above, the Court should dismiss Plaintiff's claims against the Secretary for quiet title to the Property and for injunctive relief pursuant to Fed. Rule Civ. P. 12(b)(1) without prejudice.  The Court should dismiss with prejudice Plaintiff's claim against the Secretary for the tort of slander of title pursuant to Fed. Rule Civ. P. 12(b)(1).

Respectfully submitted,

Dated:  December 31, 2015

BENJAMIN B. WAGNER
United States Attorney

By:   */s/ Bruce A. Emard*
BRUCE A. EMARD
Assistant United States Attorney

Memorandum of Points and Authorities
in Support of Secretary of Housing and Urban Development's Motion to Dismiss         5